IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert E. Ferguson, *et al.*,   Case No. 1:06CV10006

        Plaintiffs,

v.   AMENDED ORDER

Lorillard Tobacco Company, Inc., *et al.*,

        Defendants.

This is a personal injury-asbestos exposure case in which the plaintiff has filed a motion to remand to state court.

The defendant Viad Corporation, which opposes the motion, is one of a number of defendants alleged to have produced asbestos-containing products or otherwise exposed the plaintiff Robert Ferguson to asbestos. Viad is an alleged successor to the Griscom-Russell Company, which manufactured evaporators used on naval vessels. As installed on those vessels, the evaporators [also known as desalinators or distillers] were encased in asbestos.

Plaintiff was in the Navy during World War II, serving on the *Robert I. Paine*, a destroyer escort, from 1943-46. The *Paine* was equipped with a Griscom-Russell evaporator,[1] and plaintiff worked with that equipment while on board that vessel.

Plaintiff filed this suit in the Cuyahoga County, Ohio, Court of Common Pleas. Viad removed the case to this court on the basis of "federal officer" removal under 42 U.S.C. § 1442(a)(1). Viad contends that such removal is proper because when Griscom-Russell supplied the

---

[1] Plaintiff contends that Griscom-Russell produced the evaporator on the *Paine*. No judicial finding has been made, and none is made at this time as to whether Griscom-Russell did so.

evaporators it did so in accordance with specifications provided by the Navy, and it could not deviate from those specifications.[2] Plaintiff opposes the motion to remand.

Viad has submitted affidavits by Charles Cushing and Admiral Ben Lehman [Ret.] in support of its claim that Griscom-Russell's status as a military contractor entitles it to federal officer removal. Plaintiffs seek to strike those affidavits on the basis of want of foundation.

For the reasons that follow, the motion to strike shall be overruled. The motion to remand shall likewise be overruled.[3]

## Standard of Review

Under the federal removal statute, 28 U.S.C. § 1441, a case will be remanded to state court if the federal district court lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.*, 183 F.3d 488, 496-97 (6th Cir.1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory."). Defendant Viad, the party seeking removal, bears the burden of showing federal jurisdiction exists. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000).

## Discussion

### 1. Motion to Strike Viad's Affidavits

Plaintiffs moved to strike the Cushing and Lehman affidavits on the basis that they are, primarily due to want of personal knowledge, insufficient.

---

[2] Viad also alleges that the Navy, or the shipyard operating at the Navy's direction, encased the evaporators in asbestos after their delivery by Griscom-Russell. Plaintiff disputes this fact; this dispute does not affect the issue of remand.

[3] Pursuant to an order entered contemporaneously herewith, this order supercedes the order previously entered in this matter on January 30, 2007 [Doc. 271].

Cushing is a naval architect and marine engineer. He says the Navy was intimately involved in the manufacture of the Griscom-Russell evaporators used on Navy ships, and that the evaporators were created pursuant to Navy specifications. Cushing also points out that the Navy had precise information manuals delivered with all the evaporators, as absolute conformity to Navy standards was necessary and required of suppliers.

Lehman is a retired U.S. Navy Rear Admiral. Lehman was a Ship Superintendent and Planning Officer at the Brooklyn Navy Yard between 1942 and 1944. Lehman says that while he was working at the Navy Yard, he supervised ship alterations and equipment changes. He says that the Navy could not and did not permit contractors to implement any changes without prior Navy approval because all shipboard equipment had to be compatible and consistent.

Plaintiffs claim neither Cushing nor Lehman has personal experience with plaintiff's ship or ships of that type as they were constructed and operated during World War II. Thus, plaintiff alleges, Cushing and Lehman should not be permitted to give their opinions about such construction and operation.

I disagree. The general background and experience of both Cushing and Lehman suffice to support their affidavits. This court will not require Viad to collect affidavits from individuals who worked specifically on the *Paine*, or even on Destroyer Escorts of the same class or similar classes sixty or so years ago. Nor are affidavits from knowledgeable former employees of Griscom-Russell necessary in place of the Cushing and Lehman affidavits.

Despite the understandable lack of first-hand experience with the *Paine*, the affiants have ample experience and familiarity with what they are talking about – how equipment was obtained,

3

delivered, and installed, and how ships of that type were constructed, to express their expert opinions.

Ferguson has, in any event, failed to present countervailing evidence to contradict or otherwise undercut the reliability of the affidavits. The affidavits of Cushing and Lehman are upheld and, in line with this circuit's less than favorable view of motions to strike, plaintiffs' motion shall be denied.[4]

Plaintiffs also pick at the form rather than the substance of the affidavits, alleging the documents are unauthenticated and illegible. Viad corrected these problems by submitting supplemental affidavits.[5]

## 2. Federal Officer Removal Statute

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), allows removal of a case from state to federal court if the defendant is "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ."

To remove the state court action under the federal officer removal provision, the defendant must establish:

---

[4] Viad's motion to file a sur-reply in opposition to plaintiffs' motion to strike and motion to remand is granted. The sur-reply is appropriate; Ferguson brought up new issues in his reply to which Viad then responded. As this court recently stated, "a sur-reply should be limited to addressing new arguments raised by the movant in a reply." *Proper v. ISPAT Inland, Inc.*, 2006 WL 2399281, *1 (N.D. Ohio).

[5] Following the initial motion to strike, Viad supplemented the original affidavits. Ferguson also seeks to strike the supplemental affidavits. That motion is likewise overruled. The supplemental affidavits were simply a response to Ferguson's complaints about the inadequacies of the original affidavits.

1) it is a "person" within the meaning of the statute; 2) it has a colorable federal defense; 3) it acted under the direction of a federal agency or officer; and 4) there is a causal nexus between the claims and the conduct performed under the color of federal office.

*In re Welding Rod Products Liability*, 2004 WL 1179454, *8 (N.D. Ohio); *see also Jefferson County v. Acker,* 527 U.S. 423, 431 (1999).

The Supreme Court has emphasized "the federal officer removal statute is not 'narrow' or 'limited'." *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). Furthermore, "the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (quoting *Willingham*, 395 U.S. at 407). At issue is whether Viad can show it satisfies this standard for federal officer removal.

### a. Viad Corporation Qualifies as a "Person"

Viad Corporation qualifies as a "person" under § 1442(a)(1). *Thompson v. Community Ins. Co.*, 1999 U.S. Dist. LEXIS 21725, *9-*11 (S.D. Ohio) ("the overwhelming weight of recent judicial authority supports the view that corporations qualify as 'persons' under the federal officer statute"); *see also Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, n. 3 (S.D. Ill. 2006).

### b. Viad Acted Under the Direction of the Navy

Viad's alleged predecessor, Griscom-Russell, acted under "color of office" as a federal military contractor when, pursuant to Navy orders, it manufactured and supplied the evaporators. Viad has produced detailed plans and has shown that Griscom-Russell acted under the direction of the Navy. *See In re Welding Products Liability Litigation*, 2004 WL 1179454, *11 (N.D. Ohio) ("[I]f the federal government *did* demand or heedfully approve reasonably precise specifications . . . and the defendants *did* conform to those specifications, then it is fair, for jurisdictional purposes only, to conclude that the defendants were acting under federal office.") (emphasis in original). Given the sixty year lapse in time, Viad, contrary to plaintiff's contention, is not required to produce

documents identifying the exact Naval officer who gave orders to Griscom-Russell during World War II.

### c. Military Contractor Defense

Viad invokes the military contractor defense as a colorable federal defense. The military contractor defense provides governmental immunity to a contractor acting under the direction and control of government officers. *See generally Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988).

To receive governmental immunity under *Boyle*, Viad must show: 1) the United States approved reasonably precise specifications; 2) the equipment conformed to those specifications; 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Boyle*, 487 U.S. at 512.

In the Sixth Circuit, *Boyle* allows government contractors to obtain immunity from state tort liability for "design defects in military equipment." *Tate v. Boeing Helicopters*, 55 F.3d 1150, 1153 (6th Cir. 1995). These designs must be approved by the Navy with more than just a "rubber stamp" to establish the military contractor defense. *Id.* at 1154. "When the government merely accepts, without any substantive review or evaluation, decisions made by a government contractor, then the contractor, not the government, is exercising discretion." *Id.*

The Navy's detailed involvement in the design process of the evaporators satisfies the first prong of the *Boyle* test. Viad has shown the Navy mandated, in provided detail, specifications for the evaporators. The Lehman affidavit states that Griscom-Russell could not deviate from Navy specifications during a time of war. Doc. 1, Exh. E (Lehman Afft. ¶ 3). Admiral Lehman asserts that all the equipment in the Navy Supply System needed to be compatible, and the crew needed to

provide maintenance knowledgeably to ships while at sea. *Id. See also* Doc. 1, Exh. F (Cushing Afft. ¶ 6).

Consistency and regularity were so important that under the Selective Service Act of 1940 any deviation from Naval requirements could result in felony prosecution. Selective Service Act, 76 Cong. Ch. 720, Sept. 16, 1940, Doc. 241, Exh. L ("The President is authorized to take immediate possession of any plant who shall refuse to manufacture the kind of equipment as ordered by the Secretary of the Navy . . . Any individual or corporation failing to comply shall be guilty of a felony.").

Viad has shown that the government exercised control over the specifications for Griscom-Russell's evaporators. This satisfies the first prong of the military contractor defense.

Per the second *Boyle* requirement, the evaporators, for the reasons mentioned above, would necessarily have conformed to Navy specifications. Griscom-Russell had little choice but to abide by the Navy's requirements. There is neither evidence nor reason to conclude that Griscom-Russell deviated from those requirements. The second prong of the military contractor defense is satisfied.

Under *Boyle*, the supplier, to qualify for the military contractor defense, has a duty to warn the United States about any harms inherent in the product. Viad claims, and its affidavits support, that any warnings on the product itself were dictated by the Navy. Therefore, no deviation from the warnings or lack thereof was permitted (making it difficult for the warnings to be anything the Navy did not already know).

Viad also claims the Navy's knowledge of the dangers posed by asbestos was superior to that of Griscom-Russell. To support this contention, Viad points to naval publications such as "Instructions to Medical Officers" in a U.S. Naval Bulletin from 1922, the 1939 Handbook of the

7

U.S. Navy Hospital Corps., and the 1939 Annual Report of the Surgeon General of the United States Navy. Each recognizes asbestos as hazardous. *See* Doc. 242, Exh. M *(*Forman Afft. ¶ 9). The Navy had this information before the evaporators were designed, manufactured, and supplied to it in accordance with the its specifications. Viad has sufficiently alleged a colorable claim that the Navy had greater knowledge than Griscom-Russell of asbestos during World War II.[6]

At this stage I consider only whether Viad invokes a colorable federal defense, not whether the defense will succeed. *In re Welding Rod Products Liability*, 2004 WL 1179454, *10 (N.D. Ohio) ("In determining whether a federal defense is colorable for jurisdictional determination, a court should not delve into the validity of the defense which is a distinct subject and involves wholly different inquiries apart from jurisdictional determination.") (internal quotations omitted). This enables a federal officer to have the merits of his defense tried in federal court. *Kentucky v. Long*, 837 F.2d 727, 751 (6th Cir. 1987) ("One of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court. The officer need not win his case before he can have it removed."). The Sixth Circuit also applies a less stringent standard for the government contractor defense than other circuits. *Tate*, 55 F.3d at 1157.

Taking the above factors into consideration, Viad Corporation has alleged a colorable federal defense.

### d. A Causal Nexus Exists Between Plaintiffs' Harms and Defendant's Production of Evaporators for the Navy

The defendant must establish a causal connection between the alleged harm caused by the asbestos to which plaintiff claims they exposed him and its official authority under the Navy to

---

[6] Alternatively, Viad claims Griscom-Russell evaporators were to be supplied to the Navy without insulation, in which case, there was no hazard.

produce the evaporators. *Stein-Sapir v. Birdsell*, 673 F.2d 165, 166 (6th Cir. 1982); *Gilbar v. U.S.*, 1998 WL 1632693, *3 (S.D. Ohio). In the Sixth Circuit, "[i]t is enough that (petitioners') acts or presence at the place in performance of their official duty constitute the bases, though mistaken or false, of the state prosecution." *Stein-Sapir*, 673 F.2d at 166. Griscom-Russell supplied the evaporators pursuant to its duty as a contractor to the Navy; these evaporators allegedly harmed Plaintiff Ferguson. Griscom-Russell thus supplied the evaporators within the scope of its contract with the Navy, and thus worked under "color of office." *Gilbar*, 1998 WL 1632693 at *4. A causal connection has been established.[7]

## Conclusion

Viad has satisfied the standard for federal officer removal. The motion to remand shall, accordingly, be denied.

For the foregoing reasons, it is

ORDERED THAT plaintiffs' motion for remand and motion to strike be, and the same hereby are denied. Defendant's motion to file a sur-reply is hereby granted.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge

---

[7] Viad is free to plead in the alternative that the evaporators were not encased in asbestos by Griscom-Russell and that there is no harm.